IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| Constance Patterson, | ) | Civil Action No.: 2:14-763-BHH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **OPINION AND ORDER** |
| | ) | |
| Carolyn W. Colvin, | ) | |
| Acting Commissioner of Social | ) | |
| Security, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

The plaintiff, Constance Patterson ("the plaintiff"), brought this action pursuant to 42 U.S.C. § 405(g) to obtain judicial review of a final decision of the defendant, Acting Commissioner of Social Security ("Commissioner"), denying her claim for Disability Insurance Benefits ("DIB") under the Social Security Act. In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Rules 73.02(B)(2)(a) and 83.VII.02, D.S.C., this matter was referred to United States Magistrate Judge Mary Gordon Baker for pretrial handling. On June 2, 2015, the magistrate judge issued a Report and Recommendation in which she determined that the Commissioner's decision was based on substantial evidence. Accordingly, the magistrate judge recommended affirming the Commissioner's decision. (ECF No. 17 at 14.) The plaintiff filed Objections on June 18, 2015 (ECF No. 19), and on June 26, 2015, the Commissioner filed a Reply (ECF No. 20). For the reasons stated below, the Court adopts the Report and Recommendation and affirms the Commissioner's decision.

**FACTUAL AND PROCEDURAL BACKGROUND**

The Report and Recommendation sets forth in detail the relevant facts and standards of law, and the Court incorporates them and summarizes below in relevant part. The plaintiff was 48 years old on the date of her alleged disability onset date, due to, *inter alia*, degenerative disc disease of the lumbar spine, degenerative joint disease, and borderline intellectual functioning, attended school through the twelfth grade but did not graduate ,and has past relevant work as a sewer and quilting machine operator.  (R. at 13, 19, 53, 371.)  The plaintiff's current application was denied initially and on reconsideration.  (R. at 76-79, 85-86.)  A hearing was held before an Administrative Law Judge ("ALJ") who issued an unfavorable decision on November 21, 2012, finding that the plaintiff was not disabled.  (R. at 11-21.)  The Appeals Council denied the plaintiff's request for review (R. at 1-3), making the ALJ's decision the final decision of the Commissioner.  The plaintiff subsequently filed an action in this Court on March 6, 2014.  (ECF No. 1.)

**REPORT AND RECOMMENDATION**

The magistrate judge recommends affirming the ALJ's decision.  (ECF No. 17 at 14.)  The magistrate judge makes only a recommendation to this Court.  The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court.  *See Mathews v. Weber*, 423 U.S. 261 (1976).  The Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the magistrate judge, or recommit the matter to her with instructions.  28 U.S.C. § 636(b)(1).  "However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the

magistrate judge as to those portions of the report and recommendation to which no objections are addressed. While the level of scrutiny entailed by the Court's review of the Report thus depends on whether or not objections have been filed, in either case the Court is free, after review, to accept, reject, or modify any of the magistrate judge's findings or recommendations." *Wallace v. Housing Auth. of the City of Columbia*, 791 F. Supp. 137, 138 (D.S.C. 1992) (internal citations omitted).

## **STANDARD OF REVIEW**

The role of the federal judiciary in the administrative scheme established by the Social Security Act is a limited one. Under 42 U.S.C. § 405(g), the court may only review whether the Commissioner's decision is supported by substantial evidence and whether the correct law was applied. *See* 42 U.S.C. § 405(g) ("The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive . . . ."); *Myers v. Califano*, 611 F.2d 980, 982 (4th Cir. 1980). "Substantial evidence has been defined innumerable times as more than a scintilla, but less than preponderance." *Thomas v. Celebrezze*, 331 F.2d 541, 543 (4th Cir. 1964); *see, e.g., Daniel v. Gardner*, 404 F.2d 889 (4th Cir. 1968); *Laws v. Celebrezze*, 368 F.2d 640 (4th Cir. 1966); *Tyler v. Weinberger*, 409 F. Supp. 776 (E.D. Va. 1976). In order for a reviewing court to determine whether the Commissioner based a decision on substantial evidence, "the decision must include the reasons for the determination . . . ." *Green v. Chater*, 64 F.3d 657, 1995 WL 478032, *2 (4th Cir.1995) (citing *Cook v. Heckler*, 783 F.2d 1168, 1172 (4th Cir.1986)). The statutorily mandated standard precludes a *de novo* review of the factual circumstances that substitutes the Court's findings for those of the Commissioner. *See, e.g., Vitek v. Finch*, 438 F.2d 1157 (4th Cir. 1971); *Hicks v. Gardner*, 393 F.2d 299 (4th Cir. 1968).

Accordingly, "the court [must] uphold the [Commissioner's] decision even should the court disagree with such decision as long as it is supported by 'substantial evidence.'" *Blalock v. Richardson*, 483 F.2d 773, 775 (4th Cir. 1972).  As noted by Judge Sobeloff in *Flack v. Cohen*, 413 F.2d 278 (4th Cir. 1969), "[f]rom this it does not follow, however, that the findings of the administrative agency are to be mechanically accepted.  The statutorily granted right of review contemplates more than an uncritical rubber stamping of the administrative action." *Id.* at 279.  "[T]he courts must not abdicate their responsibility to give careful scrutiny to the whole record to assure that there is a sound foundation for the [Commissioner's] findings, and that his conclusion is rational." *Vitek*, 438 F.2d at 1157-58.

## **DISCUSSION**

The plaintiff filed objections to the Report and Recommendation ("Objections") on June 18, 2015 (ECF No. 19), and the Commissioner filed a reply on June 26, 2015 (ECF No. 20).  The plaintiff objects to the magistrate judge's recommendation concerning the ALJ's alleged failure (1) to consider whether or not the plaintiff's impairments met the requirements of Listing 12.05; (2) to accord the plaintiff's treating physician controlling weight; (3) to properly specify the frequency of the sit/stand option of his residual functional capacity ("RFC") assessment; and (4) to properly consider the plaintiff's mental impairments.  The Court will consider each specific objection in turn.[1]

The plaintiff first renews her argument that the ALJ failed to analyze whether her impairments met the requirements of Listing 12.05, *see* 20 C.F.R. pt. 404, subpt. P, app.

---

[1]  As always, the Court says only what is necessary to address such objections against the already meaningful backdrop of a thorough Report of the magistrate judge, incorporated entirely by specific reference, herein, to the degree not inconsistent.  Exhaustive recitation of law and fact exists there.

1, § 12.05, at step three of the sequential evaluation process. The plaintiff also now objects to the magistrate judge's *post-hoc* application of such Listing. It is undisputed that the ALJ considered the plaintiff's impairments in light of Listing 12.02, related to border line intellectual functioning. *Id.* § 12.02.

As to whether the ALJ's failure to expressly recite Listing 12.05 and its elements is fatal, courts, as the magistrate judge recognized (R&R at 13 n.3), have routinely held that it is not, proceeding to consider whether the elements of the Listing have been effectively considered. *See Jenkins v. Astrue*, 2010 WL 3168269, at *5 (D.S.C. Mar. 22, 2010) *report and recommendation adopted*, 2010 WL 3168268 (D.S.C. Aug. 4, 2010) ("Although the ALJ did not specifically mention the Listing number in his opinion, for the reasons that follow, the court concludes that the ALJ conducted a proper listing analysis."); *Holcomb v. Astrue*, 2009 WL 4586601, *8 (D.S.C. Dec.1, 2009) (finding the ALJ's failure to specifically address Listing 12.05 was harmless error when the Plaintiff had not shown she met the requisite criteria). Indeed, Plaintiff's experienced counsel has been a part of just such a case to his client's benefit. *See Strong v. Astrue*, 2011 WL 2938084, at *9 (D.S.C. June 27, 2011) *report and recommendation adopted*, 2011 WL 2848483 (D.S.C. July 18, 2011) (applying Listing 12.05 and awarding benefits outright even though "the ALJ never mentioned Listing 12.05 by name, nor did he list the elements Plaintiff needed to prove to satisfy the listing.") The magistrate judge's conclusion that "[w]hile the ALJ did not specifically assess the Plaintiff under Listing 12.05, the ALJ did find that the Plaintiff's impairment did not fall under any of the Listings" was not error. (R&R at 6.)

With respect to actual application of Listing 12.05, the plaintiff reiterates his complaint that the ALJ failed to resolve a conflict between the cited daily activities (which

5

were not considered by the ALJ in terms of an analysis of Listing 12.05 or the issue of deficits in adaptive functioning) and the ALJ's acknowledgment that the plaintiff indeed had "difficulty catching on to things" and significant problems in reading, writing, and direction-following abilities. The argument is just not seriously expressed either on brief or objection. The plaintiff has summarily accused the conflict but has not precisely explained why the two observations are at odds. It was reasonable of the magistrate judge to conclude that the ALJ's observation that the plaintiff could perform a number of very specific daily activities, detailed and verifiable, was more dispositive of a lack of deficit in adaptive functioning than the more theoretical and generalized difficulties she might have in functions like "catching on" or "direction-following." As stated, the plaintiff has not really made any attempt to explain otherwise.

The magistrate judge's consideration and application of Listing 12.05, in light of the totality of the ALJ's decision is appropriate and accurate.

The plaintiff again challenges the ALJ's consideration of Dr. I.F. Afulukwe's opinion. Respectfully, these items are, for the better part, matters raised to the magistrate judge and appropriately considered but rejected. (See R&R at 10-11); *see Hendrix v. Colvin*, 2013 WL 2407126, at *4 (D.S.C. June 3, 2013); *see also Jackson v. Astrue*, 2011 WL 1883026 (W.D.N.C. May 17, 2011); *Aldrich v. Bock*, 327 F. Supp.2d 743, 747 (E.D. Mich. 2004). Accordingly, the district court must "'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 316 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 Advisory Committee's Note). The Court has thoroughly reviewed the objections and the magistrate judge's consideration and citation to legal authority and agrees that the ALJ performed an adequate

analysis of Dr. Afulukwe's opinion.

The plaintiff objects that the magistrate judge did not address his argument concerning the weight given to the opinion of a "Dr. Dunovant." The Court has done a search of the relevant briefs and cannot locate where that argument was previously raised. (Pl. Brief 19-29.)

The plaintiff has reraised his allegations concerning the ALJ's consideration of (1) a sit/stand option in the residual functional capacity assessment and (2) the plaintiff's mental impairment. As with the opinion evidence above, these arguments were appropriately considered and rejected by the magistrate judge. (See R&R at 8-9); *see Hendrix v. Colvin*, 2013 WL 2407126, at *4; *see also Jackson*, 2011 WL 1883026; *Aldrich*, 327 F. Supp.2d at 747. The plaintiff contends that there is a contradiction in the magistrate judge's reasoning with respect to the plaintiff's mental impairment. In that and all other aspects of the objection, the undersigned concurs with the magistrate judge's reasoning as thorough and accurate. It is not internally inconsistent.

## **CONCLUSION**

The Court has carefully reviewed the record, including the findings of the ALJ, the plaintiff's objections to the Report and Recommendation, and the defendant's reply. The Court concurs in the recommendation of the magistrate judge and thus adopts the Report and Recommendation and incorporates it herein by reference to the extent it is consistent with this order. The decision of the Commissioner is AFFIRMED.

IT IS SO ORDERED.

/s/Bruce Howe Hendricks
United States District Judge

September 24, 2015
Greenville, South Carolina

7